UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

FILED
04 AUG -6 PH 12: 48
U.S. DI...
N.D. OF A...

ENTERED
AUG - 6 2004

| | | |
|---|---|---|
| HARRY C. VAUGHN, JR., et al., | ] | |
| | ] | |
| Plaintiffs, | ] | |
| | ] | |
| vs. | ] | CV-04-CO-1321-S |
| | ] | |
| WASHINGTON NATIONAL | ] | |
| INSURANCE COMPANY, et al., | ] | |
| | ] | |
| Defendants. | ] | |

MEMORANDUM OF OPINION

I.   Introduction.

Presently before the court is a motion to remand, filed by Plaintiffs on July 13, 2004. [Doc. # 5]. In their motion to remand, Plaintiffs contend that there is not complete diversity of citizenship and that Defendants' removal is not timely. Upon due consideration, and for the reasons that follow, the court is of the opinion that the motion is due to be granted.

II.   Factual summary.

Plaintiffs, Harry C. Vaughn, Jr., and Diane A. Vaughn ("Vaughns"), filed their complaint against the defendants in the Circuit Court of Jefferson County, Alabama, on April 25, 2003. Defendants first removed this action on the 5th day of June 2003, pursuant to 28 U.S.C. § 1441(a) and (b). The original removal was assigned case number CV-04-CO-1321-S. The defendants asserted in that notice of removal that this court had jurisdiction of the case pursuant to 28 U.S.C. § 1332(a) based on the diversity of citizenship of the parties. Defendants' position was premised upon their contention that Underwriting Services of Alabama was fraudulently joined to avoid complete diversity and thus should not be considered.

Plaintiffs successfully argued that complete diversity did not exist because the inclusion of Underwriting Services of Alabama as a Defendant in the originally filed complaint was not fraudulent.

Following the original remand, Defendants sought and obtained discovery from the plaintiffs on various matters including the involvement of Underwriting Services of Alabama. Following this discovery, Defendants once again removed the action asserting that Underwriting Services of Alabama was fraudulently joined as a defendant. The defendants filed the

current notice of removal on June 24, 2004, more than one year after the action was commenced in the Circuit Court of Jefferson County, Alabama.

III. Standard for Remand.

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute." Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 377 (1994). For removal to be proper, the court must have subject-matter jurisdiction in the case. "Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant." Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987). In addition, the removal statute must be strictly construed against removal, and any doubts should be resolved in favor of remand. See Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994).

IV. Discussion.

Plaintiffs have pled that the current removal is not timely since the action was removed more than one year from the date it was commenced.[1]

---

[1] "If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action." 28 U.S.C. § 1446(b).

Defendants acknowledge that the removal was more than one year after the action was commenced, but maintain that the removal is nonetheless timely based on an equitable exception to the one-year time limit of 28 U.S.C. § 1446(b).

Some courts, including the Fifth Circuit, have recognized such an exception. See e.g. *Tedford v. Warner-Lambert Co.,* 327 F.3d 423 (5th Cir. 2003). The Eleventh Circuit has not, but the decision of whether to remand this case is not dependent upon the acceptance of the doctrine. In *Tedford*, the conduct of Plaintiff was extreme while the removing defendant was diligent. In the case at hand, the conduct of the plaintiffs is not extreme and the defendants have not been diligent.

The defendants commenced the process of discovery in a timely fashion, but failed to diligently follow through. There were avenues available to the defendants if the plaintiffs were refusing to comply with discovery. It is not clear, however, whether the plaintiffs were refusing to permit timely discovery. The court acknowledges that the plaintiffs did not respond to the interrogatories within thirty days and such conduct should not be condoned. However, if the defendants had utilized the rules and

mechanisms available under the Alabama Rules of Civil Procedure, the discovery would have been completed long before the one year anniversary.

Because the defendants removed this action, they have the burden of establishing the propriety of subject-matter jurisdiction. *See Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921). In addition, "the removal statute must be strictly construed against removal, and any doubts should be resolved in favor of remand." See Burns, 31 F.3d at 1095. That statute provides "that a case may not be removed on the basis of jurisdiction conferred by section 1332 . . . more than 1 year after commencement of the action." 28 U.S.C. § 1446(b). Applying these requirements to the case at hand, it must be remanded.

The defendants' removal can not be saved from its tardiness by the equitable exception described in *Tedford*, not because the Eleventh Circuit has yet to adopt it, but because the facts of this case do not call for it.

V.   Conclusion.

In sum, the court is of the opinion that it does not have diversity jurisdiction over the claims against the defendants. The court finds that the motion to remand is due to be granted. A separate order will be entered.

Done, this 6th day of August, 2004.

                                    L. SCOTT COOGLER
                             UNITED STATES DISTRICT JUDGE